IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY NEWELL,<br><br>    Petitioner,<br><br>vs.<br><br>HEIDI LACKNER, Warden<br><br>    Respondent. | No. C 13-3309 YGR (PR)<br><br>**ORDER GRANTING PETITIONER'S REQUEST TO FILE PETITION; STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO ADMINISTRATIVELY CLOSE THIS CASE UNTIL THE COURT ISSUES ORDER LIFTING STAY** |

      Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the full filing fee. Attached to his petition is a motion entitled, "Request for Leave to File the Accompanying Petition for Writ of Habeas Corpus with Addendum Petition for Review as Petitioner's Grounds and Facts in Support Thereof" (Docket No. 2). The Court GRANTS Petitioner's request and reviews his petition, which has already been filed and scanned into the Court's electronic database. In reviewing his petition (Docket No. 1 at 1-62), the Court notes that the petition as well as another motion were electronically scanned together by the Clerk of the Court. Therefore, also before the Court is Petitioner's motion to stay his federal petition while he exhausts his remedies in state court (Docket No. 1 at 63-64).

      Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *Id.* at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Petitioners may seek a stay of the petition pursuant to *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), under which a prisoner may file a protective petition in federal court and ask the court to stay federal habeas proceedings until all state remedies are exhausted. District courts have the authority to issue stays, and the habeas statute does not deprive them of that authority. *Rhines v. Webber*, 544 U.S. 269, 277-278 (2005). A stay is appropriate where the district court determines that good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious. *Id.; see also Pace*, 544 U.S. at 416.

Here, it appears that good cause exists for Petitioner's failure to exhaust his claims on direct appeal because his claims could be raised by way of state habeas corpus. Moreover, the claims state cognizable bases for federal habeas relief. This is Petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes. *See Fetterly v. Paskett*, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex, or harass, or that the request is an abuse of the writ). Accordingly, the Court GRANTS Petitioner's request for a stay.

These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies. Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted. He must file quarterly reports describing the progress of his state court proceedings, commencing **twenty-eight (28) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts relating to the claims.

The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. Nothing further will take place in this action until Petitioner receives a final decision from the highest state court and, within **twenty-eight (28) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims.

1  This Order terminates Docket No. 1 at 63-64 and No. 2.

2  IT IS SO ORDERED.

3  DATED: August 15, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**