UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY T. NEWELL,

    Petitioner,

  v.

HEIDI LACKNER, Warden,

    Respondent.

Case No. 13-cv-03309-YGR (PR)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY THE WRIT SHOULD NOT BE GRANTED**

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 15, 2013, the Court issued an Order granting Petitioner's request for a stay of proceedings while he returned to state court to exhaust his administrative remedies. Thereafter, Petitioner informed the Court that his state proceedings had concluded, and he requested that the Court lift the stay. However, he did not amend the stayed petition to add the newly-exhausted claims. Therefore, in an Order dated February 20, 2015, the Court directed Petitioner to file an amended petition in this Court which incorporates the newly-exhausted claims he intends to raise in federal court. Dkt. 12. The Court directed the Clerk of the Court to lift the stay and reopen the action on the date that Petitioner filed his amended petition. *Id.* at 2.

On March 12, 2015, Petitioner filed a first amended habeas petition containing his exhausted claims. Therefore, the Clerk lifted the stay and reopened the case on that date.

It does not appear from the face of the amended petition that it is without merit. Moreover, the amended petition now appears to contain only exhausted claims, which should be addressed on their merits. The Court now sets a new schedule below for the parties to file their briefs.

The Clerk shall serve a copy of this Order and the first amended petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his most current address.

Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of

the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the answer. Otherwise, the petition will be deemed submitted and ready for decision sixty days after the date Petitioner is served with Respondent's answer. Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: April 17, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge

2